**ORIGINAL**

**FILED**

**BUCHALTER NEMER**
A Professional Corporation
JAY R. ZIEGLER (SBN: 54877)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: jziegler@buchalter.com

**KELLEY DRYE & WARREN LLP**
PAUL W. GARRITY (*pro hac vice*)
COLEMAN T. LECHNER (*pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

Attorneys for Defendant/Counterclaimant OREXIS
LLC and Defendants URBAN NUTRITION and
EXCELL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY SAHELIAN, an individual, | Case No. CV08-03561 RGK (CTx) |
| Plaintiff, | AMENDED ANSWER AND COUNTERCLAIMS |
| -against- | |
| OREXIS LLC, a foreign limited liability company, URBAN NUTRITION, and, EXCELL, Business Forms Unknown, | |
| Defendants. | |
| OREXIS LLC. | |
| Counterclaimant, | |
| -against- | |
| RAY SAHELIAN, LONGEVITY RESEARCH, INC., and JOHN DOES 1-10, | |
| Counterclaim-Defendants. | |

BN 2383612v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**AMENDED ANSWER AND COUNTERCLAIMS**

Defendants OREXIS LLC, URBAN NUTRITION LLC and EXCELL NOW LLC (incorrectly named in the caption as EXCELL) (collectively "Defendants") by and through their attorneys, Kelley Drye & Warren LLP and Buchalter Nemer, P.C., as and for their Answer to the Complaint of RAY SAHELIAN ("Plaintiff") hereby aver as follows:

1.     Admit, with respect to Paragraph 1 of the Complaint, that Plaintiff has alleged that this action arises under the Lanham Act, 15. U.S.C. §§ 1051, et seq., and California law, and that Plaintiff has alleged this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction under 28 U.S.C. § 1367, but Defendants deny liability for any and all claims asserted by Plaintiff for the reasons stated herein.  Except as so admitted, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 1 of the Complaint and, therefore, deny same.

2.     Admit, with respect to Paragraph 2 of the Complaint, that Plaintiff has alleged this Court has Federal Question jurisdiction under 28 U.S.C. §§ 1331, but Defendants deny liability for any and all claims asserted by Plaintiff for the reasons stated herein.  Except as so admitted, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 1 of the Complaint and, therefore, deny same.

3.     Admit, with respect to Paragraph 3 of the Complaint, that Plaintiff has alleged that this Court has personal jurisdiction over Defendants, but Defendants deny liability for any and all claims asserted by Plaintiff for the reasons stated herein.  Except as so admitted, Defendants deny the remaining allegations of Paragraph 3 of the Complaint.

4.     Admit, with respect to Paragraph 4 of the Complaint, that Plaintiff has alleged that venue is proper before this Court under 28 U.S.C. § 1391 (b) and (c), but Defendants deny liability for any and all claims asserted by Plaintiff for the reasons stated herein.  Except as so admitted, Defendants deny knowledge or

1    information sufficient to form a belief as to the remaining allegations of Paragraph

2    4 of the Complaint and, therefore, deny same.

3         5.      Deny each and every allegation found in Paragraph 5 of the

4    Complaint.

5         6.      Deny knowledge or information sufficient to form a belief as to the

6    allegations of Paragraph 6 of the Complaint and, therefore, deny same.

7         7.      Deny knowledge or information sufficient to form a belief as to the

8    allegations of Paragraph 7 of the Complaint and, therefore, deny same.

9         8.      Deny knowledge or information sufficient to form a belief as to the

10   allegations of Paragraph 8 of the Complaint and, therefore, deny same.

11        9.      Deny knowledge or information sufficient to form a belief as to the

12   allegations of Paragraph 9 of the Complaint and, therefore, deny same.

13        10.     Admit that OREXIS LLC, URBAN NUTRITION LLC and EXCELL

14   NOW LLC are three independent entities operating as limited liability companies,

15   that OREXIS LLC is the owner of the domain name www.orexis.com, and that

16   Defendants operate in New York and New Jersey.  Except as so admitted,

17   Defendants deny knowledge or information sufficient to form a belief as to the

18   remaining allegations of Paragraph 10 of the Complaint and, therefore, deny same.

19        11.     Deny each and every allegation found in Paragraph 11 of the

20   Complaint.

21        12.     Deny the first sentence of Paragraph 12 and admit the remaining

22   allegations of Paragraph 12 of the Complaint.

23        13.     Deny each and every allegation found in Paragraph 13 of the

24   Complaint.

25        14.     Deny knowledge or information sufficient to form a belief as to the

26   allegations of Paragraph 14 of the Complaint and, therefore, deny same.

27        15.     Deny knowledge or information sufficient to form a belief as to the

28   allegations of Paragraph 15 of the Complaint and, therefore, deny same.

16.     Deny that Defendants have engaged in trickery, or that Defendants actively create an initial interest confusion amongst the consuming public, and admit that certain names including "Ray Sahelian" and "Passion RX" were legally used as keywords in search engine advertisements.  Except as so denied and admitted, Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 16 of the Complaint and, therefore, deny same.

17.     Deny each and every allegation found in Paragraph 17 of the Complaint.

18.     Deny each and every allegation found in Paragraph 18 of the Complaint.

## COUNT I

19.     Repeat, reaffirm and reallege with respect to Paragraph 19 of the Complaint, their answers to Paragraphs 1 through 18 of the Complaint.

20.     Deny each and every allegation found in Paragraph 20 of the Complaint.

21.     Deny each and every allegation found in Paragraph 21 of the Complaint.

22.     Deny each and every allegation found in Paragraph 22 of the Complaint.

## COUNT II

23.     Repeat, reaffirm and reallege with respect to Paragraph 23 of the Complaint, their answers to Paragraphs 1 through 22 of the Complaint.

24.     Deny each and every allegation found in Paragraph 24 of the Complaint.

25.     Deny each and every allegation found in Paragraph 25 of the Complaint.

26.    Deny each and every allegation found in Paragraph 26 of the Complaint.

27.    Deny each and every allegation found in Paragraph 27 of the Complaint.

28.    Deny each and every allegation found in Paragraph 28 of the Complaint.

**COUNT III**

29.    Repeat, reaffirm and reallege with respect to Paragraph 29 of the Complaint, their answers to Paragraphs 1 through 28 of the Complaint.

30.    Deny each and every allegation found in Paragraph 30 of the Complaint.

31.    Deny each and every allegation found in Paragraph 31 of the Complaint.

32.    Deny each and every allegation found in Paragraph 32 of the Complaint.

33.    Deny each and every allegation found in Paragraph 33 of the Complaint.

**COUNT IV**

34.    Repeat, reaffirm and reallege with respect to Paragraph 34 of the Complaint, their answers to Paragraphs 1 through 33 of the Complaint.

35.    Deny each and every allegation found in Paragraph 35 of the Complaint.

36.    Deny each and every allegation found in Paragraph 36 of the Complaint.

37.    Deny each and every allegation found in Paragraph 37 of the Complaint.

38.     Deny each and every allegation found in Paragraph 38 of the Complaint.

39.     Deny each and every allegation found in Paragraph 39 of the Complaint.

**COUNT V**

40.     Repeat, reaffirm and reallege with respect to Paragraph 40 of the Complaint, their answers to Paragraphs 1 through 39 of the Complaint.

41.     Deny each and every allegation found in Paragraph 41 of the Complaint.

42.     Deny each and every allegation found in Paragraph 42 of the Complaint.

43.     Deny each and every allegation found in Paragraph 43 of the Complaint.

**COUNT VI**

44.     Repeat, reaffirm and reallege with respect to Paragraph 44 of the Complaint, their answers to Paragraphs 1 through 43 of the Complaint.

45.     Deny each and every allegation found in Paragraph 45 of the Complaint.

46.     Deny each and every allegation found in Paragraph 46 of the Complaint.

47.     Deny each and every allegation found in Paragraph 47 of the Complaint.

48.     Deny each and every allegation found in Paragraph 48 of the Complaint.

49.     Deny each and every allegation found in Paragraph 49 of the Complaint.

**COUNT VII [sic]**

50.     Repeat, reaffirm and reallege with respect to Paragraph 50 of the Complaint, their answers to Paragraphs 1 through 49 of the Complaint.

51.     Deny each and every allegation found in Paragraph 51 of the Complaint.

52.     Deny each and every allegation found in Paragraph 52 of the Complaint.

53.     Deny each and every allegation found in Paragraph 53 of the Complaint.

54.     Deny each and every allegation found in Paragraph 54 of the Complaint.

**COUNT VIII**

55.     Repeat, reaffirm and reallege with respect to Paragraph 55 of the Complaint, their answers to Paragraphs 1 through 54 of the Complaint.

56.     Deny each and every allegation found in Paragraph 56 of the Complaint.

57.     Deny each and every allegation found in Paragraph 57 of the Complaint.

58.     Deny each and every allegation found in Paragraph 58 of the Complaint.

59.     Deny each and every allegation found in Paragraph 59 of the Complaint.

60.     Deny each and every allegation found in Paragraph 60 of the Complaint.

**COUNT IX**

61.     Repeat, reaffirm and reallege with respect to Paragraph 61 of the Complaint, their answers to Paragraphs 1 through 60 of the Complaint.

62. Deny each and every allegation found in Paragraph 62 of the Complaint.

63. Deny each and every allegation found in Paragraph 63 of the Complaint.

### COUNT X

64. Repeat, reaffirm and reallege with respect to Paragraph 64 of the Complaint, their answers to Paragraphs 1 through 63 of the Complaint.

65. [sic] Deny each and every allegation found in Paragraph 65 [sic] of the Complaint.

### AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

66. The Complaint fails to state facts or any basis sufficient to support any claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

### THIRD AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred by the doctrine of unclean hands.

### COUNTERCLAIMS

Defendant/Counterclaimant OREXIS LLC ("Orexis" or "Counterclaimant"), as and for their Counterclaims against Plaintiff/Counterclaim-defendant RAY SAHELIAN, M.D. ("Sahelian"), LONGEVITY NETWORKS, INC. ("Longevity"), and JOHN DOES 1-10 (together with Sahelian, "Counterclaim-Defendants"), allege, upon knowledge as to its own acts, and upon information and belief as to all other matters, as follows:

## THE PARTIES

1.    Orexis is a limited liability company organized and existing under the laws of the State of Virginia, with its principal place of business at PO Box 310, Hoboken New Jersey, 07030.

2.    Counterclaim-Defendant, Sahelian, is, upon information and belief, an individual who resides in Los Angeles, California.

3.    Counterclaim-Defendant Longevity is a business entity the form of which is unknown to Counterclaimant with a principal place of business at PO Box 12619, Marina Del Ray, CA 90295, which is the registrant of the domain name www.raysahelian.com.  It is Orexis' contention, upon information and belief, that Longevity is owned or controlled by Sahelian.

4.    Counterclaim-Defendants John Does 1-10, are business entities or individuals, whose identities are not yet known to Orexis, which have participated, along with Sahelian and Longevity, in the wrongful conduct discussed herein.

## JURISDICTION AND VENUE

5.    This is an action for: (i) infringement of a federally registered trademark in violation of Section 32(1) of the Trademark Act of 1946 (15 U.S.C. § 1051, et seq., as amended (the "Lanham Act")), 15 U.S.C. § 1114(1); (ii) unfair competition, trademark infringement, and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) violations of California Business and Professions Code § 17200; (iv) substantial and related claims of trademark infringement and unfair competition under the common law of the State of California; and (v) cancellation of an invalid registered mark on the Principal Register of the United States Patent and Trademark Office (the "PTO").

6.    This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) and (b), as it involves substantial claims arising under the Lanham Act, and also has supplemental

1  jurisdiction under 28 U.S.C. § 1367 over the substantial and related claims under

2  state law.

3        7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and

4  1391(c) because a substantial part of the acts or omissions giving rise to the claims

5  occurred in this District.

6                                    FACTS

7        8.      For many years, Orexis has been engaged in the sale and distribution

8  of dietary supplements throughout the United States.  Orexis' dietary supplements

9  are well-regarded and designed to address sexual health concerns.

10       9.      Among the most popular of Orexis' products are those in the OREXIS

11  product line.  Since at least as early as October 2003, and long prior to the acts of

12  Counterclaim-Defendants complained of herein, Orexis adopted and used, and has

13  continued to use, the trademark OREXIS on dietary supplements in interstate

14  commerce in the United States, including within this District and throughout the

15  State of California.  Since the adoption and first use of the OREXIS trademark on

16  dietary supplements, Orexis has prominently displayed the OREXIS trademark on

17  packaging, advertising, and product literature for the goods, which have been

18  advertised, promoted, offered for sale, and sold in interstate commerce in the

19  United States, including within this District and throughout the State of California.

20       10.     Orexis is the owner in the United States of all right, title, and interest

21  in and to the Registration No. 3,232,347 with the PTO for the mark OREXIS for

22  "dietary supplement," which registered on April 24, 2007.  A copy of the certificate

23  of registration for the OREXIS trademark is attached hereto as Exhibit A.

24       11.     The aforesaid registration is valid and subsisting, unrevoked and

25  uncancelled, and Orexis is the owner of said registration and the trademark shown

26  therein and all of the business and goodwill connected with said trademark in the

27  United States.

28

12.    The aforesaid registrations have put Counterclaim-Defendants on constructive notice of Orexis' claim of ownership to the OREXIS mark since at least as early as the date of its registration with the PTO.

13.    Since long prior to the acts of Counterclaim-Defendants complained of herein, Counterclaimant's dietary supplements sold under the OREXIS trademark have been extensively advertised, promoted, distributed, and sold in interstate commerce in the United States.  Each year, Counterclaimant expends substantial sums in connection with the advertisement and promotion of OREXIS products.

14.    As a result of the widespread success and popularity of OREXIS products with the purchasing public, Counterclaimant's intensive advertisement and promotional efforts in support of its OREXIS products, and the excellence of OREXIS products, Counterclaimant has built up an invaluable reputation, goodwill, and fame in the OREXIS trademark in the United States.

15.    Beginning in 2006, Counterclaim-Defendants used the designation "orexis" in connection with a web page located at the domain name <<raysahelian.com>>.  The web page was entitled "Orexis: by Ray Sahelian, M.D. – Deceitful Marketing by Orexis" (the "Sahelian Web Page").  A true and correct copy of the Sahelian Web Page as it appeared on October 17, 2006 is attached hereto as Exhibit B.

16.    Counterclaim-Defendants' use of the OREXIS name and mark in connection with this page caused the Sahelian Web Page to be listed at or near the top of search results pages when search engine users looked for Orexis and its products.

17.    Although the Sahelian Web Page has been modified over time and was briefly removed from Sahelian's website, a version of the Sahelian Web Page remains on the Internet today.  A true and correct copy of the current version of the Sahelian Web Page is attached hereto as Exhibit C.

18.     In addition to operating the Sahelian Web Page, Counterclaim-Defendants, upon information and belief, have purchased keyword advertising on search engines such as Yahoo, Google, and MSN triggered by searches for the mark OREXIS.  As a result, an individual who searches for OREXIS on such search engines may receive a webpage which includes links to webpages operated by Counterclaim-Defendants, including the Sahelian Web Page, which contain false statements about Orexis' products and which encourage consumers to purchase Counterclaim-Defendants' products which compete with OREXIS, including his "Passion Rx" products.

19.     The Sahelian Web Page either currently contains or has previously contained statements that Orexis "lacks integrity", makes "misleading and deceitful claims", "mislead[s] the public", and "cannot [be] trust[ed]", and in turn, advertises and offers for sale a competing male sexual enhancement product.

20.     In addition, Counterclaim-Defendant Sahelian continues to hold himself out as a "doctor in private practice"  although his license to practice medicine (MD034596E, issued in Pennsylvania) expired in 1990.  Counterclaim-Defendant Sahelian further holds himself out as a practicing physician by stating that "Due to a busy schedule with writing and research [he is] currently not taking new patients."  A true and correct copy of a web page operated by Counterclaim-Defendants which makes these representations is attached hereto as Exhibit D.

### FIRST CLAIM FOR RELIEF

<u>False and Misleading Advertising In Violation of Section 43(a) of the Lanham Act</u>

<u>(Against All Counterclaim Defendants)</u>

21.     Orexis repeats and realleges each and every allegation contained in paragraphs 1 to 20 of these Counterclaims with the same force and effect as if fully set forth herein.

22.     Counterclaim-Defendants mislead consumers in violation of the Lanham Act, 15 U.S.C. § 1125(a), by making false and misleading statements about Sahelian and about products marketed and sold by Counterclaim-Defendants.

23.     Counterclaim-Defendants mislead consumers in violation of the Lanham Act, 15 U.S.C. § 1125(a), by making false and misleading statements about Orexis, its products, and its marketing practices.

24.     Counterclaim-Defendants' actions have caused and will continue to cause irreparable injury to Orexis unless enjoined by this court.

25.     Counterclaim-Defendants' actions have been willful.

26.     Counterclaim-Defendants' acts have caused Counterclaimant to suffer damages in an amount to be proven at trial

### SECOND CLAIM FOR RELIEF

### Trademark Infringement

### (Against All Counterclaim-Defendants)

27.     Orexis repeats and realleges each and every allegation contained in paragraphs 1 to 26 of these Counterclaims with the same force and effect as if fully set forth herein.

28.     Counterclaim-Defendants' unauthorized and willful use of copies, variations, reproductions, simulations or colorable imitations of Orexis' registered mark in connection with the advertising, offering for sale and sale of Counterclaim-Defendants' goods and services, including their use of the OREXIS mark as a trigger for keyword advertising purchased by Counterclaim-Defendants and on websites operated by Counterclaim-Defendants, constitutes use in commerce which infringes Orexis' exclusive rights in its federally-registered marks and is likely to cause confusion, mistake or deception as to the source of the services subject of the keyword advertising offered by Counterclaim-Defendants.

29.     The aforesaid acts of Counterclaim-Defendants, namely, the unauthorized and willful use of copies, variations, reproductions, simulations or colorable imitations of Orexis' registered mark OREXIS in connection with the advertising, offering for sale and sale of Counterclaim-Defendants' goods and services, constitutes infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30.     Counterclaim-Defendants' actions have caused and will continue to cause irreparable injury to Counterclaimant unless enjoined by this court.

31.     Counterclaim-Defendants' actions have been willful.

32.     The aforesaid acts of Counterclaim-Defendants have caused damages to Orexis in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

<u>Unfair Competition</u>

<u>(Against All Counterclaim Defendants)</u>

33.     Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 to 32 of these Counterclaims with the same force and effect as if fully set forth herein.

34.     Use by Counterclaim-Defendants of copies, variations, reproductions, simulations or colorable imitations of the Orexis mark with the advertising, offering for sale and sale of Counterclaim-Defendants' goods and services conveys the misleading commercial impression to the public that Counterclaim-Defendants' products, are approved by, sponsored by or are somehow affiliated or connected with Counterclaimant.

35.     The aforesaid acts of Counterclaim-Defendants, namely, the use of copies, variations, reproductions, simulations or colorable imitations of the Orexis mark in connection with the advertising, offering for sale and sale of Counterclaim-Defendants' goods and services, constitutes a false designation of origin and false

description and representation, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.   Counterclaim-Defendants' actions have caused and will continue to cause irreparable injury to Counterclaimant unless enjoined by this court.

37.   Counterclaim-Defendants' actions have been willful.

38.   The aforesaid acts of Counterclaim-Defendants have caused damages to Counterclaimant in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

California – Bus. and Prof. Code § 17200, et seq.

(Against All Counterclaim Defendants)

39.   Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 to 38 of these Counterclaims with the same force and effect as if fully set forth herein.

40.   By reason of their aforesaid acts, Counterclaim-Defendants have engaged in unfair competition in violation of California Business and Professions Code § 17200, et seq.

41.   Counterclaim-Defendants' actions have caused and will continue to cause irreparable injury to Counterclaimant unless enjoined by this court.

**FIFTH CLAIM FOR RELIEF**

Common Law Trademark Infringement and Unfair Competition

(Against All Counterclaim Defendants)

42.   Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 to 41 of these Counterclaims with the same force and effect as if fully set forth herein.

43.   The aforesaid acts of Counterclaim-Defendants constitute trade name and trademark infringement, and unfair competition in violation of plaintiff's rights under the common law of the State of California.

44.   Counterclaim-Defendants' actions have caused and will continue to cause irreparable injury to Counterclaimant unless enjoined by this court.

45.   Counterclaim-Defendants' actions have been willful.

46.   The aforesaid acts of Counterclaim-Defendants have caused damages to Orexis in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Invalidation of a Mark

### (Against Sahelian Only)

47.   Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 to 46 of these Counterclaims with the same force and effect as if fully set forth herein.

48.   Sahelian has brought suit against Orexis seeking damages for allegedly infringing trademark rights purportedly owned by Sahelian in the mark PASSION RX, including rights in U.S. Trademark Reg. No. 2,935,064 that covers said mark. Orexis has denied any liability for the alleged infringement and contends (among other things) that Sahelian has no enforceable rights in the mark or, at the very least, cannot enforce whatever rights in the purported mark "PASSION RX" he may have against Orexis.

49.   Sahelian's trademark registration for the designation "PASSION RX", Registration No. 2,935,064 on the Principal Register of the PTO, for herbal supplements, is invalid and unenforceable because this registered mark is merely descriptive of the goods which are subject of the registration.

50.   Registration No. 2,935,064 on the Principal Register of the PTO is subject to order of cancellation from this Court under Section 37 of the Lanham Act, 15 U.S.C. § 1119, which is appropriate and just.

51.   Orexis has been and is being damaged by Sahelian's maintenance of Registration No. 2,935,064 on the Principal Register of the PTO.

52.     Sahelian's acts have caused Orexis to suffer damages in amount to be proven at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Counterclaimant prays for judgment against Counterclaim-Defendants, and each of them, jointly and severally, as follows:

1.      That Counterclaim-Defendants be required to reimburse Counterclaimant for all actual damages and lost sales suffered by Counterclaimant by reason of Counterclaim-Defendants' illegal conduct, as well as any profits of Counterclaim-Defendants that are attributable to Counterclaim-Defendants' unfair competition and infringement not taken into account in computing the actual damages, and that punitive damages be awarded as authorized under the law;

2.      That Counterclaim-Defendants be required to pay all of Counterclaimant's attorneys' fees, expenses and costs associated with this action pursuant to the Lanham Act, 15 U.S.C. §1117;

3.      That, based on the deliberate and willful acts of Counterclaim-Defendants, the award to Counterclaimant be increased as provided for under 15 U.S.C. § 1117;

4.      That, based on the deliberate an willful acts of Counterclaim-Defendants, Counterclaimant recover its attorneys' fees and costs and disbursements herein;

5.      That the Court find that Sahelian's purported mark PASSION RX is merely descriptive, and order the Commissioner of the U.S. Patent and Trademark Office to cancel U.S. Registration No. 2,935,064 pursuant to 15 U.S.C. § 1119; and

6.      That Counterclaimant have such further relief as this Court may deem just.

## DEMAND FOR A JURY TRIAL

Counterclaimant hereby demands a jury trial on all claims and on all issues triable by a jury.

## RESERVATION OF RIGHTS

Defendants'/Counterclaimant's responses to the allegations in the Complaint, as well as their defenses, and counterclaims are based on information that is currently known. Defendants/Counterclaimant reserve the right to amend their responses and/or defenses and/or counterclaims should additional information become known to them.

DATED: October 31, 2008

BUCHALTER NEMER
A Professional Corporation

By: _____
JAY R. ZIEGLER
Attorneys for Defendant/Counterclaimant
OREXIS LLC and Defendants URBAN
NUTRITION and EXCELL

**EXHIBIT A**

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

Reg. No. 3,232,347

## United States Patent and Trademark Office

Registered Apr. 24, 2007

## TRADEMARK
## PRINCIPAL REGISTER

# OREXIS

OREXIS, LLC (VIRGINIA LTD LIAB CO)
PO BOX 310
HOBOKEN, NJ 07030

    FOR: DIETARY SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

    FIRST USE 10-1-2003; IN COMMERCE 10-1-2003.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

    SER. NO. 78-359,442, FILED 1-29-2004.

    ASMAT KHAN, EXAMINING ATTORNEY