1

BUCHALTER NEMER
A Professional Corporation
JAY R. ZIEGLER (SBN: 54877)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: jziegler@buchalter.com

KELLEY DRYE & WARREN LLP
Paul W. Garrity (pro hac vice)
Coleman T. Lechner (pro hac vice)
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

Attorneys for Defendants/Counterclaimant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY SAHELIAN, an individual,<br><br>Plaintiff,<br><br>-against-<br><br>OREXIS LLC, a foreign limited liability company; URBAN NUTRITION, LLC, a foreign limited liability company; EXCELL NOW, LLC, a foreign limited liability company; LONGEVITY, LLC, a limited liability company; ATLANTIC COAST MEDIA GROUP, LLC, a limited liability company; ANDREW SIRWILO, an individual; and THOMAS SHIPLEY, an individual,<br><br>Defendants.<br><br>ATLANTIC COAST MEDIA GROUP, LLC,<br><br>Counterclaimant, | Case No. CV08-03561 RGK (CTx)<br><br>ATLANTIC COAST MEDIA GROUP, LLC'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

1
2          -against-

3     RAY SAHELIAN, LONGEVITY
      RESEARCH, INC., PHYSICIANS
      FORMULAS, and JOHN DOES 1-10,

4
              Counterclaim-Defendants.

5

6

7          Defendant ATLANTIC COAST MEDIA GROUP, LLC ("ACMG") by and

8     through its attorneys, Kelley Drye & Warren LLP and Buchalter Nemer, P.C., as

9     and for its Answer to the Amended Complaint of RAY SAHELIAN ("Plaintiff")

10    hereby avers as follows:

11         1.    Admits, with respect to Paragraph 1 of the Amended Complaint, that

12    Plaintiff has alleged that this action arises under the Lanham Act, 15 U.S.C. §§

13    1051, *et seq.*, and California law, and that Plaintiff has alleged that this Court has

14    subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and supplemental

15    jurisdiction under 28 U.S.C. § 1367, but ACMG denies liability for any and all

16    claims asserted by Plaintiff for the reasons stated herein.  Except as so admitted,

17    ACMG denies knowledge or information sufficient to form a belief as to the

18    remaining allegations of Paragraph 1 of the Amended Complaint and, therefore,

19    denies same.

20         2.    Admits, with respect to Paragraph 2 of the Amended Complaint, that

21    Plaintiff has alleged that this Court has federal question jurisdiction under 28

22    U.S.C. § 1331, but ACMG denies liability for any and all claims asserted by

23    Plaintiff for the reasons stated herein.  Except as so admitted, ACMG denies

24    knowledge or information sufficient to form a belief as to the remaining allegations

25    of Paragraph 2 of the Amended Complaint and, therefore, denies same.

26         3.    Admits, with respect to Paragraph 3 of the Amended Complaint, that

27    Plaintiff has alleged that this Court has personal jurisdiction over ACMG, but

28    ACMG denies liability for any and all claims asserted by Plaintiff for the reasons

2

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

1    stated herein.  Except as so admitted, ACMG denies the remaining allegations of

2    Paragraph 3 of the Amended Complaint.

3         4.    Admits, with respect to Paragraph 4 of the Amended Complaint, that

4    Plaintiff has alleged that venue is proper in the Central District of California under

5    28 U.S.C. §§ 1391 (b) and (c), but ACMG denies liability for any and all claims

6    asserted by Plaintiff for the reasons stated herein.  Except as so admitted, ACMG

7    denies knowledge or information sufficient to form a belief as to the remaining

8    allegations of Paragraph 4 of the Amended Complaint and, therefore, denies same.

9         5.    Admits, with respect to Paragraph 5 of the Amended Complaint, that

10   Plaintiff has alleged that this civil action is for damages and equitable relief,

11   including permanent injunctive relief, for purported acts of trademark infringement,

12   unfair competition, false advertising, and defamation in violation of federal and

13   state laws, but ACMG denies liability for any and all claims asserted by Plaintiff

14   for the reasons stated herein.  Except as so admitted, ACMG denies the remaining

15   allegations found in Paragraph 5 of the Amended Complaint.

16        6.    Denies knowledge or information sufficient to form a belief as to the

17   allegations of Paragraph 6 of the Amended Complaint and, therefore, denies same.

18        7.    Denies knowledge or information sufficient to form a belief as to the

19   allegations of Paragraph 7 of the Amended Complaint that Plaintiff has a "protected

20   trademark interest in Passion Rx," and, therefore, denies same.  Except as so

21   specifically denied, ACMG states that the remaining allegations of Paragraph 7 of

22   the Amended Complaint are legal conclusions to which no response is required.  To

23   the extent a response is required, ACMG denies each and every allegation found in

24   Paragraph 7 of the Amended Complaint.

25        8.    Denies knowledge or information sufficient to form a belief as to the

26   allegations of Paragraph 8 of the Amended Complaint and, therefore, denies same.

27        9.    Denies knowledge or information sufficient to form a belief as to the

28   allegations of Paragraph 9 of the Amended Complaint and, therefore, denies same.

10. Admits, with respect to Paragraph 10 of the Amended Complaint, that ACMG is a limited liability company, and denies that Messrs. Sirwillo and Shipley are "general partners" in ACMG. Except as so specifically admitted and denied, ACMG states that the remaining allegations of Paragraph 10 of the Amended Complaint are contentions to which no response is required. To the extent a response is required, ACMG denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 10 of the Amended Complaint and, therefore, denies same.

11. Denies each and every allegation found in Paragraph 11 of the Amended Complaint.

12. Admits that Plaintiff purports to seek damages and injunctive relief, but denies that Plaintiff is entitled to any relief and denies the remainder of the first sentence of Paragraph 12. Denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 12 of the Amended Complaint and, therefore, denies same.

13. Admits, with respect to Paragraph 13 of the Amended Complaint, that Plaintiff has alleged that he is entitled to damages and injunctive relief, but ACMG denies liability for any and all claims asserted by Plaintiff for the reasons stated herein. Except as so admitted, ACMG denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 13 of the Amended Complaint and, therefore, denies same.

14. Denies that ACMG diverts online users to webpages. Except as so specifically denied, ACMG denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 14 of the Amended Complaint, and therefore, denies same.

15. Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of the Amended Complaint and, therefore, denies same.

16.     ACMG admits having purchased advertising on search engines, but denies the remaining allegations found in Paragraph 16 of the Amended Complaint.

17.     ACMG states that the allegations of Paragraph 17 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, ACMG denies each and every allegation found in Paragraph 17 of the Amended Complaint.

18.     Denies each and every allegation found in Paragraph 18 of the Amended Complaint.

19.     Denies each and every allegation found in Paragraph 19 of the Amended Complaint.

20.     Denies each and every allegation found in Paragraph 20 of the Amended Complaint.

21.     Denies each and every allegation found in Paragraph 21 of the Amended Complaint.

22.     Denies each and every allegation found in Paragraph 22 of the Amended Complaint.

23.     Admits that Plaintiff alleges that California Business & Professional Code § 17500 prohibits untrue or misleading advertising that is known, or which reasonably should be known, to be untrue or misleading.

24.     Denies, with respect to Paragraph 24 of the Amended Complaint, that ACMG uses misleading surveys as alleged in the Amended Complaint.

25.     Paragraph 25 is directed at individual defendants Andrew Surwilo and Thomas Shipley and constitutes legal conclusions rather than allegations of fact, and no response by ACMG is required.  To the extent a response is required, ACMG denies each and every allegation found in paragraph 25 of the Amended Complaint.

26.     Denies each and every allegation found in Paragraph 26 of the Amended Complaint.

5

1

## COUNT I

2    27.    Repeats, reaffirms, and realleges with respect to Paragraph 27 of the
3  Amended Complaint, its answers to Paragraphs 1 through 26 of the Amended
4  Complaint.

5    28.    Denies each and every allegation found in Paragraph 28 of the
6  Amended Complaint.

7    29.    Denies each and every allegation found in Paragraph 29 of the
8  Amended Complaint.

9    30.    Denies each and every allegation found in Paragraph 30 of the
10  Amended Complaint.

11    ## COUNT II

12    31.    Repeats, reaffirms, and realleges with respect to Paragraph 31 of the
13  Amended Complaint, its answers to Paragraphs 1 through 30 of the Amended
14  Complaint.

15    32.    Denies each and every allegation found in Paragraph 32 of the
16  Amended Complaint.

17    33.    Denies each and every allegation found in Paragraph 33 of the
18  Amended Complaint.

19    34.    Denies each and every allegation found in Paragraph 34 of the
20  Amended Complaint.

21    35.    Denies each and every allegation found in Paragraph 35 of the
22  Amended Complaint.

23    36.    Denies each and every allegation found in Paragraph 36 of the
24  Amended Complaint.

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ATLANTIC COAST MEDIA GROUP, LLC'S ANSWER TO
AMENDED COMPLAINT AND COUNTERCLAIMS

COUNT III

37.     Repeats, reaffirms, and realleges with respect to Paragraph 37 of the Amended Complaint, its answers to Paragraphs 1 through 36 of the Amended Complaint.

38.     Denies each and every allegation found in Paragraph 38 of the Amended Complaint.

39.     Denies each and every allegation found in Paragraph 39 of the Amended Complaint.

40.     Denies each and every allegation found in Paragraph 40 of the Amended Complaint.

41.     Denies each and every allegation found in Paragraph 41 of the Amended Complaint.

COUNT IV

42.     Repeats, reaffirms, and realleges with respect to Paragraph 42 of the Amended Complaint, its answers to Paragraphs 1 through 41 of the Amended Complaint.

43.     Denies each and every allegation found in Paragraph 43 of the Amended Complaint.

44.     Denies each and every allegation found in Paragraph 44 of the Amended Complaint.

45.     Denies each and every allegation found in Paragraph 45 of the Amended Complaint.

46.     Denies each and every allegation found in Paragraph 46 of the Amended Complaint.

47.     Denies each and every allegation found in Paragraph 47 of the Amended Complaint.

COUNT V

48.     Repeats, reaffirms, and realleges with respect to Paragraph 48 of the Amended Complaint, its answers to Paragraphs 1 through 47 of the Amended Complaint.

49.     Denies each and every allegation found in Paragraph 49 of the Amended Complaint.

50.     Denies each and every allegation found in Paragraph 50 of the Amended Complaint.

51.     Denies each and every allegation found in Paragraph 51 of the Amended Complaint.

COUNT VI

52.     Repeats, reaffirms, and realleges with respect to Paragraph 52 of the Amended Complaint, its answers to Paragraphs 1 through 51 of the Amended Complaint.

53.     Denies each and every allegation found in Paragraph 53 of the Amended Complaint.

54.     Denies each and every allegation found in Paragraph 54 of the Amended Complaint.

55.     Denies each and every allegation found in Paragraph 55 of the Amended Complaint.

56.     Denies each and every allegation found in Paragraph 56 of the Amended Complaint.

57.     Denies each and every allegation found in Paragraph 57 of the Amended Complaint.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ATLANTIC COAST MEDIA GROUP, LLC'S ANSWER TO
AMENDED COMPLAINT AND COUNTERCLAIMS

COUNT VI [SIC]

58.     Repeats, reaffirms, and realleges with respect to Paragraph 58 of the Amended Complaint, its answers to Paragraphs 1 through 57 of the Amended Complaint.

59.     Denies each and every allegation found in Paragraph 59 of the Amended Complaint.

60.     Denies each and every allegation found in Paragraph 60 of the Amended Complaint.

61.     Denies each and every allegation found in Paragraph 61 of the Amended Complaint.

62.     Denies each and every allegation found in Paragraph 62 of the Amended Complaint.

COUNT VIII

63.     Repeats, reaffirms, and realleges with respect to Paragraph 63 of the Amended Complaint, its answers to Paragraphs 1 through 62 of the Amended Complaint.

64.     Denies each and every allegation found in Paragraph 64 of the Amended Complaint.

65.     Denies each and every allegation found in Paragraph 65 of the Amended Complaint.

66.     Denies each and every allegation found in Paragraph 66 of the Amended Complaint.

67.     Denies each and every allegation found in Paragraph 67 of the Amended Complaint.

68.     Denies each and every allegation found in Paragraph 68 of the Amended Complaint.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ATLANTIC COAST MEDIA GROUP, LLC'S ANSWER TO
AMENDED COMPLAINT AND COUNTERCLAIMS

COUNT IX

69.     Repeats, reaffirms, and realleges with respect to Paragraph 69 of the Amended Complaint, its answers to Paragraphs 1 through 68 of the Amended Complaint.

70.     Denies each and every allegation found in Paragraph 70 of the Amended Complaint.

71.     Denies each and every allegation found in Paragraph 71 of the Amended Complaint.

COUNT X

72.     Repeats, reaffirms, and realleges with respect to Paragraph 72 of the Amended Complaint, its answers to Paragraphs 1 through 71 of the Amended Complaint.

73.     Denies each and every allegation found in Paragraph 73 of the Amended Complaint.

COUNT XI

74.     Repeats, reaffirms, and realleges with respect to Paragraph 72 of the Amended Complaint, its answers to Paragraphs 1 through 73 of the Amended Complaint.

75.     Denies each and every allegation found in Paragraph 75 of the Amended Complaint.

76.     Denies each and every allegation found in Paragraph 76 of the Amended Complaint.

77.     Denies each and every allegation found in Paragraph 77 of the Amended Complaint.

78.     Denies each and every allegation found in Paragraph 78 of the Amended Complaint.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ATLANTIC COAST MEDIA GROUP, LLC'S ANSWER TO
AMENDED COMPLAINT AND COUNTERCLAIMS

COUNT XII

79.     Repeats, reaffirms, and realleges with respect to Paragraph 79 of the Amended Complaint, its answers to Paragraphs 1 through 78 of the Amended Complaint.

80.     Denies each and every allegation found in Paragraph 80 of the Amended Complaint.

81.     Denies each and every allegation found in Paragraph 81 of the Amended Complaint.

82.     Denies each and every allegation found in Paragraph 82 of the Amended Complaint.

83.     Denies each and every allegation found in Paragraph 83 of the Amended Complaint.

84.     Denies each and every allegation found in Paragraph 84 of the Amended Complaint.

COUNT XIII

85.     Repeats, reaffirms, and realleges with respect to Paragraph 85 of the Amended Complaint, its answers to Paragraphs 1 through 84 of the Amended Complaint.

86.     Denies each and every allegation found in Paragraph 86 of the Amended Complaint.

87.     Denies each and every allegation found in Paragraph 87 of the Amended Complaint.

88.     Denies each and every allegation found in Paragraph 88 of the Amended Complaint.

89.     Denies each and every allegation found in Paragraph 89 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

90.    The Amended Complaint fails to state facts or any basis sufficient to support any claim upon which relief can be granted against ACMG.

## SECOND AFFIRMATIVE DEFENSE

91.    Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

## THIRD AFFIRMATIVE DEFENSE

92.    Plaintiff's claims are barred by the doctrine of unclean hands.

## COUNTERCLAIMS

Defendant/Counterclaimant ATLANTIC COAST MEDIA GROUP LLC ("ACMG" or "Counterclaimant") by its attorneys Kelley Drye & Warren LLP and Buchalter Nemer P.C., as and for its Counterclaims against Plaintiff/Counterclaim-defendant RAY SAHELIAN, M.D. ("Sahelian"), LONGEVITY RESEARCH, INC. ("Longevity"), PHYSICIANS FORMULAS ("Formulas"), and JOHN DOES 1-10 (together with Sahelian, "Counterclaim-Defendants"), allege, upon knowledge as to its own acts, and upon information and belief as to all other matters, as follows:

## THE PARTIES

1.    ACMG is a limited liability company organized and existing under the laws of the State of Virginia, with its principal place of business at PO Box 310, Hoboken New Jersey, 07030.

2.    Counterclaim-Defendant Sahelian is, upon information and belief, an individual who resides in Los Angeles, California.

3.    Counterclaim-Defendant Longevity is a business entity the form of which is unknown to Counterclaimant with a principal place of business at PO Box 12619, Marina Del Ray, CA 90295, which is the registrant of the domain name www.raysahelian.com. It is ACMG's contention, upon information and belief, that Longevity is owned or controlled by Sahelian.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

1    4.    Counterclaim-Defendant Formulas is a business entity the form of

2  which is unknown to Counterclaimant with a principal place of business at Post

3  Office Box 12619, Marina Del Ray, CA 90292.  It is ACMG's contention, upon

4  information and belief, that Formula is owned or controlled by Sahelian.

5    5.    Counterclaim-Defendants John Does 1-10 are business entities or

6  individuals, whose identities are not yet known to ACMG, which have participated,

7  along with Sahelian and Longevity, in the wrongful conduct discussed herein.

8                    JURISDICTION AND VENUE

9    6.    This is an action for: (i) unfair competition and false advertising in

10  violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (ii) violations of

11  California Business and Professions Code § 17200; (iii) substantial and related

12  claims of unfair competition under the common law of the State of California; and

13  (iv) cancellation of an invalid registered mark on the Principal Register of the

14  United States Patent and Trademark Office (the "PTO").

15    7.    This Court has subject matter jurisdiction over this action under 15

16  U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as it involves

17  substantial claims arising under the Lanham Act, and also has supplemental

18  jurisdiction under 28 U.S.C. § 1367 over the substantial and related claims under

19  state law.

20    8.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and

21  1391(c) because a substantial part of the acts or omissions giving rise to the claims

22  occurred in this District.

23                            FACTS

24    9.    For many years, ACMG and its subsidiaries and affiliates have been

25  engaged in the sale and distribution of dietary supplements throughout the United

26  States.

27    10.    ACMG and its subsidiaries and affiliates compete with Counterclaim-

28  Defendants, who, upon information and belief, market and sell dietary supplements

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

1   throughout the United States including dietary supplements addressing sexual

2   health concerns, including through the website www.raysahelian.com (the

3   "Website").

4       11.     Counterclaim-Defendants market and sell a product entitled Passion

5   RX, which purports to be a dietary supplement designed to address sexual health

6   concerns.

7       12.     Ray Sahelian is the owner of a registration for the purported trademark

8   PASSION RX for "herbal, nutritional supplement" with the United States Patent

9   and Trademark Office.

10      13.     The Website is, upon information and belief, owned and operated by

11  Counterclaim-Defendants.

12      14.     The Website displays information about Ray Sahelian, including that

13  Ray Sahelian is a "world renowed nutrition expert and best selling author," "is in

14  private practice in Los Angeles, CA" and that "[d]ue to a busy schedule with

15  writing and research, [he is] currently not taking new patients."

16      15.     Through the statements published on the Website and elsewhere,

17  Counterclaim-Defendants hold Ray Sahelian out to be a practicing medical doctor

18  who is currently treating patients, but is not accepting new patients.

19      16.     In addition, the Website contains an "index of herbs, supplements, and

20  natural therapies" which holds itself out as an objective source of information

21  concerning herbal supplements and natural therapies, but which is, in fact, thinly

22  veiled advertising for supplements sold by Counterclaim-Defendants.

23      17.     Among others, the Website contains the following claims: (a) "Passion

24  Rx is one of the top selling natural herbal sexual enhancement products in the

25  United States, with a high rate of reorder"; (b) "Passion Rx enhances Sexual

26  Pleasure and Sex Drive"; (c) Passion Rx "improves sensation, stamina,

27  engorgement, lubrication, orgasm intensity, and erectile function"; (d) "Clinical

28  experience shows Passion Rx Enhances: * Sensation and stamina, * Libido and

14

1  sexual thoughts, * Orgasms and climaxes, * Erectile function"; and (e) "Passion Rx
2  provides results that are sometimes seen within hours, but most often the benefits
3  are noticed by the evening of the second day".

4      18.    The Website claims that Counterclaim-Defendants Passion Rx product
5  "enhances Sexual Pleasure", "enhances Sex Drive", "improves sensation, stamina,
6  engorgement, lubrication, orgasm intensity, and erectile function", "enhances
7  sensation and stamina", "enhances Libido and sexual thoughts", "enhances
8  Orgasms and climaxes", and "enhances Erectile function."

9      19.    The Website claims that "Passion Rx provides results -- enhanced
10 sexuality --  that are often noticed within 3 or 4 days but continue to improve with
11 time."

12     20.    Beginning in 2006, Counterclaim-Defendants posted a web page
13 located at the domain name <<raysahelian.com/orexis.html>>.  The web page was
14 entitled "Orexis: by Ray Sahelian, M.D. – Deceitful Marketing by Orexis" (the
15 "Sahelian Web Page").  The Sahelian Web Page either currently contains or has
16 previously contained statements that Orexis "lacks integrity", makes "misleading
17 and deceitful claims", "mislead[s] the public", and "cannot [be] trust[ed]", and in
18 turn, advertises and offers for sale a competing sexual enhancement product.

19                          FIRST CLAIM FOR RELIEF
20 <u>False and Misleading Advertising In Violation of Section 43(a) of the Lanham Act</u>
   <u>(Against All Counterclaim Defendants)</u>

21     21.    Counterclaimant repeats and realleges each and every allegation
22 contained in paragraphs 1 to 20 of these Counterclaims with the same force and
23 effect as if fully set forth herein.

24     22.    Counterclaim-Defendants mislead consumers in violation of the
25 Lanham Act, 15 U.S.C. § 1125(a), by making false and misleading statements
26 about Sahelian and about products marketed and sold by Counterclaim-Defendants.

27
28

23.     Counterclaim-Defendants mislead consumers in violation of the Lanham Act, 15 U.S.C. § 1125(a), by making false and misleading statements about Orexis® and marketing practices purportedly engaged in by ACMG, its subsidiaries, and its affiliates to sell Orexis®.

24.     Counterclaim-Defendants' actions have caused and will continue to cause irreparable injury to ACMG unless enjoined by this court.

25.     Counterclaim-Defendants' actions have been willful.

26.     Counterclaim-Defendants' acts have caused Counterclaimant to suffer damages in an amount to be proven at trial

### SECOND CLAIM FOR RELIEF
#### Unfair Competition
#### (Against All Counterclaim Defendants)

27.     Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 to 26 of these Counterclaims with the same force and effect as if fully set forth herein.

28.     Use by Counterclaim-Defendants of false statements about Sahelian, his qualifications, his products, and ACMG and its affiliates' products and business practices conveys the misleading commercial impression to the public that ACMG and its affiliates' products and services are inferior to those provided by Counterclaim-Defendants.

29.     The aforesaid acts of Counterclaim-Defendants constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30.     Counterclaim-Defendants' actions have caused and will continue to cause irreparable injury to Counterclaimant unless enjoined by this court.

31.     Counterclaim-Defendants' actions have been willful.

32.     The aforesaid acts of Counterclaim-Defendants have caused damages to Counterclaimant in an amount to be proven at trial.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ATLANTIC COAST MEDIA GROUP, LLC'S ANSWER TO
AMENDED COMPLAINT AND COUNTERCLAIMS

### THIRD CLAIM FOR RELIEF
California – Bus. and Prof. Code § 17200, et seq.
(Against All Counterclaim Defendants)

33.    Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 to 32 of these Counterclaims with the same force and effect as if fully set forth herein.

34.    By reason of their aforesaid acts, Counterclaim-Defendants have engaged in conduct in violation of California Business and Professions Code §17200, et seq.

35.    The aforesaid acts of Counterclaim-Defendants have caused damages to Counterclaimant in an amount to be proven at trial.

36.    Counterclaim-Defendants' actions have caused and will continue to cause irreparable injury to Counterclaimant unless enjoined by this court.

### FOURTH CLAIM FOR RELIEF
Invalidation of a Mark
(Against Sahelian Only)

37.    Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 to 36 of these Counterclaims with the same force and effect as if fully set forth herein.

38.    Sahelian has brought suit against ACMG and certain of its affiliates seeking damages for allegedly infringing trademark rights purportedly owned by Sahelian in the mark PASSION RX, including rights in U.S. Trademark Reg. No. 2,935,064 that covers said mark.  ACMG has denied any liability for the alleged infringement and contends (among other things) that Sahelian has no enforceable rights in the mark or, at the very least, cannot enforce whatever rights in the purported mark "PASSION RX" he may have against ACMG or its affiliates.

39.    Sahelian's trademark registration for the designation "PASSION RX", Registration No. 2,935,064 on the Principal Register of the PTO, for herbal supplements, is invalid and unenforceable because this registered mark is merely

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ATLANTIC COAST MEDIA GROUP, LLC'S ANSWER TO
AMENDED COMPLAINT AND COUNTERCLAIMS

1    descriptive of the goods which are subject of the registration and because it is
2    descriptively misdescriptive in that the supplements sold under the mark are not
3    prescription drugs.

4       40.   Registration No. 2,935,064 on the Principal Register of the PTO is
5    subject to order of cancellation from this Court under Section 37 of the Lanham
6    Act, 15 U.S.C. § 1119, which is appropriate and just.

7       41.   ACMG has been and is being damaged by Sahelian's maintenance of
8    Registration No. 2,935,064 on the Principal Register of the PTO.

9       42.   Sahelian's acts have caused ACMG to suffer damages in amount to be
10   proven at trial.

11                        PRAYER FOR RELIEF
12      WHEREFORE, Counterclaimant prays for judgment against Counterclaim-
13   Defendants, and each of them, jointly and severally, as follows:

14      1.   That Counterclaim-Defendants be required to reimburse
15   Counterclaimant for all actual damages and lost sales suffered by Counterclaimant
16   by reason of Counterclaim-Defendants' illegal conduct, as well as any profits of
17   Counterclaim-Defendants that are attributable to Counterclaim-Defendants' false
18   advertising and unfair competition not taken into account in computing the actual
19   damages, and that punitive damages be awarded as authorized under the law;

20      2.   That Counterclaim-Defendants be required to pay all of
21   Counterclaimant's attorneys' fees, expenses and costs associated with this action
22   pursuant to the Lanham Act, 15 U.S.C. §1117;

23      3.   That, based on the deliberate and willful acts of Counterclaim-
24   Defendants, the award to Counterclaimant be increased as provided for under 15
25   U.S.C. § 1117;

26      4.   That, based on the deliberate and willful acts of Counterclaim-
27   Defendants, Counterclaimant recover its attorneys' fees and costs and
28   disbursements herein;

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

1    5.    That the Court find that Sahelian's purported mark PASSION RX is

2   merely descriptive and/or deceptively misdescriptive, and order the Commissioner

3   of the U.S. Patent and Trademark Office to cancel U.S. Registration No. 2,935,064

4   pursuant to 15 U.S.C. § 1119; and

5    6.    That Counterclaimant have such further relief as this Court may deem

6   just.

7                    DEMAND FOR A JURY TRIAL

8        Counterclaimant hereby demands a jury trial on all claims and on all issues

9   triable by a jury.

10                   **RESERVATION OF RIGHTS**

11       ACMG/Counterclaimant's responses to the allegations in the Amended

12   Complaint, as well as its defenses and counterclaims are based on information that

13   is currently known.  ACMG/Counterclaimant reserve the right to amend its

14   responses and/or defenses and/or counterclaims should additional information

15   become known to it.

16   DATED: February 2, 2009        BUCHALTER NEMER
                                    A Professional Corporation
17                                  JAY R. ZIEGLER

18

19                                  By: _____

20                                      JAY R. ZIEGLER
                                        Attorneys for Defendant and
21                                      Counterclaimant

22   BN 2602223v1

23

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ATLANTIC COAST MEDIA GROUP, LLC'S ANSWER TO
AMENDED COMPLAINT AND COUNTERCLAIMS

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, California 90017-2457.

On the date set forth below, I served the foregoing document described as:

**ATLANTIC COAST MEDIA GROUP, LLC'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**

on all other parties and/or their attorney(s) of record to this action by _____ faxing and/or __x__ placing a true copy thereof in a sealed envelope as follows:

*SEE ATTACHED SERVICE LIST*

**BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The correspondence was deposited in an envelope with the United States Postal Service this day in the ordinary course of business for mailing to the address(es) shown above. The envelope was sealed and placed for collection and mailing with the United States Postal Service at Buchalter Nemer in Los Angeles, California on February 2, 2009 following ordinary business practices.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on February 2, 2009, at Los Angeles, California.

Loretta E. Arias
_____
(Signature)

BN 2602299v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

**PROOF OF SERVICE**

1

2

SERVICE LIST

3

*RAY SAHELIAN, etc.*

4

*v. OREXIS LLC., et-., et al.*
USDC Case No. CV RGK (CTx)

5

6

Ara Sahelian, Esq.
LAW OFFICES OF ARA SAHELIAN

Attorneys for Plaintiff RAY SAHELIAN

7

23046 Avenida De La Carlota, Ste. 600

8

Laguna Hills, CA 92653
Tel:  949.588.5782

9

Fax:  949.305.4192
Email:  sahelian@cox.net

10

11

James A. Rossi, Esq.
T. Vincent Consolo, Esq.

Attorneys for Plaintiff RAY SAHELIAN

12

CRANDALL, WADE & LOWE
26010 Mureau Road, Suite 160

13

Calabasas, CA 91302
Tel:  818.871.9900

14

Fax:  818.871.9901
Email:  rossij@cwllaw.com

15

        consolov@cwllaw.com

16

Paul W. Garrity, Esq.

Co-Counsel for Defendants OREXIS LLC,
URBAN NUTRITION, and EXCELL

17

Coleman T. Lechner, Esq.
KELLEY DRYE & WARREN LLP

18

101 Park Avenue
New York, New York 10178

19

Tel:  212.808.7800
Fax:  212.808.7897

20

21

22

23

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 2602299v1

2

PROOF OF SERVICE